E-FILED
Monday, 11 May, 2026 02:32:55 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JOSEPH GIBSON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-1364 |
| | ) | |
| SCOTT MOATS *et al.*, | ) | |
|     Defendants. | ) | |

## ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Complaint (Doc. 1) filed by Plaintiff Joseph Gibson, an inmate at Federal Correctional Institution Pekin ("FCI Pekin"). Plaintiff has also filed Motions for Counsel (Doc. 6) and to Expedite (Doc. 9).

## I.    Complaint

### A. Screening Standard

Plaintiff's Complaint is before the Court for merit review under 28 U.S.C. § 1915A, which requires the Court to "screen" the pleading and identify and dismiss any legally insufficient claim or the entire action if warranted. A claim is defective if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. The Court accepts Plaintiff's factual allegations as true and construes them liberally in his favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that

is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Factual Allegations

Plaintiff names Dr. Jeffrey Lee Ho and Dr. Scott Moats as Defendants. Plaintiff asserts that on March 18, 2025, he was informed through a medical provider of a 2022 diagnosis of Stage 2 chronic kidney disease. Plaintiff asserts that Defendants Ho and Moats failed to meet the standard of care in treating his known condition.

### C. Analysis

Plaintiff's complaint proceeds under *Bivens v. Six Unknown Fed. Narcotics Agents*, which holds that a victim can seek damages in federal court for constitutional violations committed by federal officers. 403 U.S. 388, 396 (1971); *see also Hernandez v. Mesa,* 582 U.S. 548, 553 (2017) ("*Bivens* … recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights.") (internal quotation marks omitted).

In *Ziglar v. Abbasi*, the Supreme Court explained that it applied *Bivens* in only three constitutional contexts: (1) Fourth Amendment unreasonable searches and seizures, (2) Fifth Amendment Due Process claim for gender discrimination, and (3) Eighth Amendment deliberate indifference to medical needs. 582 U.S. 120, 130-31 (2017) (citing *Bivens*, 403 U.S. at 397, *Davis v. Passman*, 442 U.S. 228 (1979); *Carlson v. Green*, 446 U.S. 14 (1980)). The Supreme Court has since "made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity[,]" which the Supreme Court has refused to extend for decades. *Ziglar*, 582 U.S. at 135 (collecting cases where the Supreme Court has declined

to extend *Bivens* to any new context or new category of federal defendants). Specifically, the Supreme Court held that because *Bivens* created a judicial remedy for damages against federal employees rather than a legislatively created remedy such as 42 U.S.C. § 1983, a federal court should not expand *Bivens* unless special circumstances exist. *Id.* at 137.

"Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates 'deliberate indifference to serious medical needs of prisoners.'" *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To succeed on a claim of deliberate indifference to a serious medical need, a plaintiff must satisfy a test that contains both an objective and subjective component. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Under the objective component, a plaintiff must demonstrate that his medical condition is sufficiently serious. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the subjective component, the prison official must have acted with a "sufficiently culpable state of mind." *Id.* In the medical care context, a "deliberate indifference" standard is used. *Estelle*, 429 U.S. at 104. A plaintiff may establish deliberate indifference by showing that a defendant "knew of a substantial risk of harm to the inmate and disregarded the risk." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Treatment decisions made by medical professionals are presumptively valid. *Collignon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir. 1998). "A medical professional

is entitled to deference in treatment decisions unless 'no minimally competent professional would have so responded under those circumstances.'" *Sain v. Wood*, 512 F.3d 886, 894–95 (7th Cir. 2008) (quoting *Collignon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir. 1998)). Thus, to be deliberately indifferent, a medical professional's decision must be "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Collignon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir. 1998) (quoting *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982)).

Plaintiff's overarching claim alleges Eighth Amendment violations based on his allegations that Defendants Ho and Moats neither informed him of his Stage 2 chronic kidney disease nor provided medical care for that medical condition, which is sufficient to state an Eighth Amendment deliberate indifference claim against Defendants.

Plaintiff also alleges state law negligence and intentional infliction of emotional distress claims under the Federal Tort Claims Act ("FTCA"). In this regard, Plaintiff claims that Defendants "acted negligently" and "engaged in extreme and outrageous conduct." (Pl. Compl., Doc. 1 at 2-4.)

"The Federal Tort Claims Act (FTCA) gives district courts exclusive jurisdiction over claims 'for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Keller v. United States*, 771 F.3d 1021, 1022

(7th Cir. 2014) (quoting 28 U.S.C. § 1346(b)(1)) (citing 28 U.S.C. § 2674); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 477–78 (1994) (explaining a constitutional tort claim is not cognizable under the FTCA because the underlying source of substantive liability is state law, not federal law). "The only proper defendant in an FTCA action is the United States." *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008); *see also Stewart v. United States*, 655 F.2d 741, 742 (7th Cir. 1981) ("Plaintiff has no cause of action . . . [under the FTCA] against an employee, her exclusive remedy being an action against the United States.").

Plaintiff does not name the United States of America as a Defendant, but even if he had, his conclusory allegations would be insufficient to state plausible claims under the FTCA. *See Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*.

## II.    Counsel

Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept pro bono appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's Motion for Counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel

or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff's Motion for Counsel (Doc. 6) is denied because he has not satisfied his threshold burden of demonstrating that he attempted to hire counsel, which typically requires writing to several lawyers and attaching the responses received.

Plaintiff's Motion to Expedite (Doc. 9) is moot given the entry of the Court's Order.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Counsel (Doc. 6) is DENIED with leave to renew.**

2) **Plaintiff's Motion to Expedite (Doc. 9) is MOOT.**

3) **According to the Court's screening of Plaintiff's Complaint [1] under 28 U.S.C. § 1915A, Plaintiff states an Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Ho and Moats. Plaintiff's claim proceeds in Defendants' individual capacities only. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

4) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.**

5) **The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have sixty days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.**

6) **Concerning a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall**

submit to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.

8) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel files an appearance and the Court enters a scheduling order, which will explain the discovery process in more detail.

9) Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.

10) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.

11) If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require that Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).

12) The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.

13)  **The Court directs the Clerk to attempt service on Defendants under the standard procedures.**

ENTERED May 11, 2026.

s/ *Colleen R. Lawless*

_____

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE
